1

2   Mary R. DeYoung, WSBA # 16264
    Soha & Lang, P.S.
3   1325 Fourth Avenue, Suite 2000
    Seattle, WA  98101-2570
4   Telephone:  206-624-1800
5   Attorneys for Nationwide Agribusiness
    Insurance Company
6

7

8

9               UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF WASHINGTON
10                        AT SPOKANE

11

NATIONWIDE AGRIBUSINESS           | Cause No.
12  INSURANCE COMPANY, an Iowa    |
    corporation,                  |
13                                | **COMPLAINT FOR**
                     Plaintiff,   | **DECLARATORY RELIEF**
14                                |
15      vs.                       |
                                  |
16  ROYAL ORGANICS, LLC, a        |
    Washington limited liability company; |
17  ROYAL ORGANIC PRODUCTS,       |
    LLC, a Washington limited liability |
18  company; FLAVOR LIQUIDATING   |
    (C) Corporation (f/k/a/ A. M. TODD |
19  COMPANY), a dissolved Michigan |
    corporation; and JUSTIN BROWN, a |
20  married man dealing in his separate |
    property,                     |
21                                |
22                   Defendants.  |

23

COMPLAINT FOR DECLARATORY RELIEF – 1
USDC ED WA CAUSE NO.

6700.00007 kf072931jq

Plaintiff Nationwide Agribusiness Insurance Company, for its complaint against defendants, alleges as follows:

## I.    PARTIES AND JURISDICTION

1.1    Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") is a corporation duly organized under the laws of the state of Iowa and has its principal place of business in Des Moines, Iowa. Nationwide transacts business in Washington state.

1.2    Upon information and belief, defendant Royal Organics, LLC is a Washington limited liability company and the current owner of Royal Organic Products, LLC, which is also a Washington limited liability company. Both Royal Organics, LLC and Royal Organic Products, LLC conduct business in Grant County, Washington.

1.3    Upon information and belief, defendant FLAVOR LIQUIDATING (C) CORPORATION (f/k/a A. M. TODD COMP ANY), is a dissolved Michigan corporation and a former owner of ROYAL ORGANIC PRODUCTS, LLC. FLAVOR LIQUIDATING (C) CORPORATION conducted business in Grant County, Washington.

1.4    Upon information and belief, defendant JUSTIN BROWN is a married man dealing in his separate property, and a resident of Grant County, Washington.

COMPLAINT FOR DECLARATORY RELIEF – 2
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

1.5    This is an action for a declaratory judgment pursuant to USC § 2201, et seq., to determine an actual case or controversy between the parties.

1.6    This court has jurisdiction pursuant to USC § 1332, et seq., because this matter involves citizens of different states and the amount in controversy exceeds $75,000.00.

## II.    FACTUAL ALLEGATIONS

2.1    Nationwide reasserts the allegations set forth in paragraphs 1.1-1.6 above as though fully set forth herein.

2.2    Nationwide issued the following commercial general liability policies to defendants Royal Organics, LLC and Royal Organic Products, LLC:

| Policy number: | Policy term: |
| --- | --- |
| FPK GLNO 7506372266 | October 16, 2013 to October 16, 2014 |
| FPK GLNO 7516372266 | October 16, 2014 to October 16, 2015 |
| FPK GLNO 7526372266 | October 16, 2015 to October 16, 2016 |

2.3    Nationwide issued the following farmowners policies to defendants Royal Organics, LLC and Royal Organic Products, LLC:

| Policy number: | Policy term: |
| --- | --- |
| FPK FMPH 7506372266 | October 16, 2013 to October 16, 2014 |

COMPLAINT FOR DECLARATORY RELIEF – 3
USDC ED WA CAUSE NO.

6700.00007 kf072931jq

FPK FMPH 7516372266        October 16, 2014 to October 16, 2015

FPK FMPH 7526372266        October 16, 2015 to October 16, 2016

2.4    On or about March 11, 2016, defendant Justin Brown filed a civil damages lawsuit in the Grant County, Washington, Superior Court against defendants Royal Organic Products, LLC, Royal Organics, LLC, and Flavor Liquidating (C) Corporation. The lawsuit is captioned <u>Brown v. Royal Organic Products, LLC et al,</u> and it is currently pending in the Grant County Superior Court under cause no. 16-200302-4 (hereafter, "liability lawsuit"). An Amended Complaint was filed on or about July 6, 2017. Mr. Brown's Amended Complaint in the liability lawsuit alleges that he owns property that is "contaminated with the garbage, litter, and solid waste" that originates from the composting, solid waste and liquid waste business owned and operated, or previously owned and operated, by Royal Organic Products LLC, Royal Organics, LLC, and Flavor Liquidating (C) Corporation, on property adjacent to Mr. Brown's property. Mr. Brown alleges that, since 2007, the defendants have caused and allowed garbage, litter, and solid waste from their operations to be deposited on Mr. Brown's property, and that Mr. Brown's property has been substantially damaged by the large quantity of garbage, litter and solid waste that has blown from defendants' operations onto his property and worked itself into the land and soils over an area of approximately 500 acres. He alleges that this contamination has rendered his

COMPLAINT FOR DECLARATORY RELIEF – 4
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

property unsuitable for certain crops and has caused damage by reduced yields and increased production costs, and that this damage has occurred continuously since 2007 despite notice to defendants and defendants' admission of the damages. Mr. Brown's complaint asserts causes of action for injunctive relief, continuing nuisance, continuing trespass, waste, and ejectment. A copy of Mr. Brown's Amended Complaint is attached hereto as <u>Exhibit A</u> and incorporated in its entirety by this reference.

2.5     Royal Organic Products, LLC and Royal Organics, LLC tendered the liability lawsuit to Nationwide for defense.  By letters dated June 24, 2016 and November 3, 2016, Nationwide agreed to provide a reservation of rights defense to Royal Organic Products, LLC and Royal Organics, LLC with respect to the liability lawsuit.

## III.    CLAIM FOR RELIEF

### Count One: Commercial General Liability Policies

3.1     Nationwide reasserts the allegations set forth in paragraphs 1.1-2.5 above as though fully set forth herein.

3.2     Nationwide commercial general liability policies no. FPK GLNO 7506372266, FPK GLNO 7516372266 and FPK GLNO 7526372266 provide liability coverage subject to the following provisions found in Form CG000110413:

COMPLAINT FOR DECLARATORY RELIEF – 5
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

## SECTION I – COVERAGES

## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1.    Insuring Agreement

*a.*    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

(1)    *The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and*

(2)    *Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.*

*b.*    *This insurance applies to "bodily injury" and "property damage" only if:*

(1)    *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

(2)    *The "bodily injury" or "property damage" occurs during the policy period; and*

(3)    *Prior to the policy period, no insured listed*

COMPLAINT FOR DECLARATORY RELIEF – 6
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

*under Paragraph 1 of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

**c.**    *"Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. Of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.*

**d.**    *"Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. Of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:*

**(1)**    *Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

**(2)**    *Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*

**(3)**    *Becomes aware of any other means that*

COMPLAINT FOR DECLARATORY RELIEF – 7
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

*"bodily injury" or "property damage" has occurred or has begun to occur.*

\* \* \*

**2.    Exclusions**

*This insurance does not apply to*

**a.    Expected or Intended Injury**

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

\* \* \*

**f.    Pollution**

**(1)**    *"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":*

**(a)**    *At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. ...*

\* \* \*

**(b)**    *At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;*

**(c)**    *Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:*

**(i)**    *Any insured; or*

**(ii)**    *Any person or organization for whom you may be legally*

COMPLAINT FOR DECLARATORY RELIEF – 8
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

*responsible; or*

**(d)**    *At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. ...*

* * *

**(2)**    *Any loss, cost or expense arising out of any:*

**(a)**    *Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or*

**j.    Damage To Property**

*"Property damage" to:*

**(1)**    *Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;*

* * *

**COVERAGE    B    –    PERSONAL    AND    ADVERTISING INJURY   LIABILITY**

**1.    Insuring Agreement**

**a.**    *We will pay those sums that the insured becomes*

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

*legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:*

1) *The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and*

2) *Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.*

**b.** *This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.*

**2. Exclusions**

*This insurance does not apply to:*

**a. Knowing Violation of Rights of Another**

COMPLAINT FOR DECLARATORY RELIEF – 10
USDC ED WA CAUSE NO.

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Ste 2000
Seattle, Washington  98101
(206) 624-1800/Fax (206) 624-3585

6700.00007 kf072931jq

*"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violation the rights of another and would inflict "personal and advertising injury."*

* * *

**m.    Pollution**

*"Personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.*

* * *

**n.    Pollution-related**

*Any loss, cost or expense arising out of any:*

**(1)    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants";**

* * *

**SECTION II – WHO IS AN INSURED**

**1.    If you are designated in the Declarations as:**

* * *

**c.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.**

* * *

COMPLAINT FOR DECLARATORY RELIEF – 11
USDC ED WA CAUSE NO.

6700.00007 kf072931jq

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

**3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time

\* \* \*

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**  False arrest, detention or imprisonment;

**b.**  Malicious prosecution;

**c.**  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**  Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**  The use of another's advertising idea in your "advertisement"; or

**g.**  Infringing upon another's copyright, trade dress or slogan in your "advertisement."

COMPLAINT FOR DECLARATORY RELIEF – 12
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

**15.**    *"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*

* * *

**17.**    *"Property damage" means:*

**a.**    *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

**b.**    *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*For purposes of this insurance, electronic data is not tangible property.*

* * *

The policies also includes Endorsement CG 70 33 (03-93) with the following language:

### ENDORSEMENT – TWO OR MORE COVERAGE FORMS OR POLICIES ISSUED BY US

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART.*

*The following condition is added to SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS*

**10.**    **Two or More Coverage Forms or Policies Issued by Us.**

COMPLAINT FOR DECLARATORY RELIEF – 13
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

*If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "occurrence," the aggregate maximum limit of insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.*

3.3    Based on the terms of Nationwide commercial general liability policies no. FPK GLNO 7506372266, FPK GLNO 7516372266 and FPK GLNO 7526372266, Nationwide has no duty to defend and no duty to indemnify defendants Royal Organics, LLC and Royal Organic Products, LLC under these policies against the claims made by defendant Justin Brown in the liability lawsuit for one or more of the following reasons:

a.    Mr. Brown's claims as alleged in the liability lawsuit are not within the policies' Coverage A insuring agreement, because the "property damage" complained of by Mr. Brown was not the result of an "occurrence" as defined in the policies.

b.    Mr. Brown's claims as alleged in the liability lawsuit are not within the policies' Coverage A insuring agreement, because prior to the policy period of the first policy issued by Nationwide (policy no. FPK GLNO 7506372266), an insured authorized to give or receive notice of an "occurrence"

COMPLAINT FOR DECLARATORY RELIEF – 14
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

or claim was aware that the "property damage" complained of by Mr. Brown had occurred, in whole or in part.

c.     Exclusion 2.a. to Coverage A eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit was expected from the standpoint of the insured prior to the policy period of the first policy issued by Nationwide (policy no. FPK GLNO 7506372266).

d.     Exclusion 2.f.(1)(a) to Coverage A eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from a premises, site or location which was owned or occupied by an insured.

e.     Exclusion 2.f.(1)(b) to Coverage A eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from a premises, site or location which was used by the insured or others for the handling, storage, disposal, processing or treatment of waste.

f.     Exclusion 2.f.(1)(c) to Coverage A eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage,

COMPLAINT FOR DECLARATORY RELIEF – 15
USDC ED WA CAUSE NO.

6700.00007 kf072931jq

migration, release or escape of "pollutants" which are or were transported, handled, stored, treated, disposed of, or processed as waste by an insured.

g.    Exclusion 2.f.(1)(d) to Coverage A eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from a premises, site or location on which the insured was performing operations and the "pollutants" were brought on or to the premises, site or location in connection with those operations.

h.    Exclusion 2.f.(2)(a) to Coverage A eliminates coverage because Mr. Brown's liability complaint requests that the insureds test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in other ways respond to, or assess the effects of "pollutants."

i.    Exclusion 2.j.(1) to Coverage A eliminates coverage to the extent Mr. Brown's liability complaint alleges "property damage" to property owned or occupied by the insured, including costs or expenses incurred for repair, replacement, enhancement, restoration or maintenance of such property to prevent injury or damage to Mr. Brown's property.

j.    Mr. Brown's claims as alleged in the liability lawsuit are not within the policies' Coverage B insuring agreement, because he does not allege "personal and advertising injury" as defined in the policies.

COMPLAINT FOR DECLARATORY RELIEF – 16
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

1
2
3
4
5
6
7

k.     Even if the Coverage B insuring agreement was met, which it is not, Exclusion 2.a. to Coverage B eliminates coverage because any "personal and advertising injury" was caused by the insured with the knowledge it would violate Mr. Brown's rights and would inflict "personal and advertising injury" prior to the policy period of the first policy issued by Nationwide (policy no. FPK GLNO 7506372266).

8
9
10
11
12
13

l.     Even if the Coverage B insuring agreement was met, which it is not, Exclusion 2.m. to Coverage B eliminates coverage because any "personal and advertising injury" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants."

14
15
16
17
18
19
20
21

m.     Even if the Coverage B insuring agreement was met, which it is not, Exclusion 2.n. to Coverage B eliminates coverage to the extent any "personal and advertising injury" complained of by Mr. Brown in the liability lawsuit is subject to an order that defendants Royal Organics, LLC and Royal Organic Products, LLC test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or otherwise respond to or assess the effects of "pollutants."

22
23

COMPLAINT FOR DECLARATORY RELIEF – 17
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

n.    In the event coverage applies, which Nationwide denies, Endorsement CG 70 33 (03-93) limits coverage to the highest applicable Limit of Insurance under any one Coverage Form or policy issued by Nationwide.

### Count Two: Farmowners Policies

4.1    Nationwide reasserts the allegations set forth in paragraphs 1.1-3.3 above as though fully set forth herein.

4.2    Nationwide farmowners policies no. FPK FMPH 7506372266, FPK FMPH 7516372266 and FPK FMPH 7526372266 provide farm liability coverage subject to the following provisions found in Form FL700200712:

*A.*    *COVERAGES*

*COVERAGE H - BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1.*    *INSURING AGREEMENT*

*a.*    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend any insured against any claim or "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

*1)*    *The amount we will pay for damages is limited as described in Section D. LIMITS OF INSURANCE; and*

*2)*    *Our right and duty to defend ends when we*

COMPLAINT FOR DECLARATORY RELIEF – 18
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

*have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages H or I or medical expenses under Coverage J.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under B. ADDITIONAL COVERAGES.*

b.    *This insurance applies to "bodily injury" and "property damage" only if:*

1)    *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

2)    *The "bodily injury" or "property damage" first occurs during the policy period;*

3)    *The "bodily injury" or "property damage" arises out of "personal activities" or out of operations usual or incident to "farming", and*

4)    *Prior to the policy period, no insured listed under Paragraph 1 of Section C. WHO IS AN INSURED and no "farm employee" or "residence employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "farm employee" or "residence employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

c.    *"Bodily injury" or "property damage" which*

COMPLAINT FOR DECLARATORY RELIEF – 19
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section C. WHO IS AN INSURED or any "farm employee" or "residence employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section C. WHO IS AN INSURED or any "farm employee" or "residence employee" authorized by you to give or receive notice of an "occurrence" or claim:

1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

3)    Becomes aware of any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

2.    **EXCLUSIONS**

This insurance does not apply to:

a.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of any insured, even if the resulting "bodily injury" or "property damage":

1)    Is of a different kind, quality or degree than initially expected or intended; or

COMPLAINT FOR DECLARATORY RELIEF – 20
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

2)   Is sustained by a different person, organization, real property or personal property than that initially expected or intended.

However, this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

### i.   Pollution

1)   "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a)   At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, managed or controlled by any insured. ...

\* \* \*

b)   At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

c)   Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

d)   At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are

COMPLAINT FOR DECLARATORY RELIEF – 21
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

*brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. ...*

\* \* \*

*Section i.1), a)-e) applies whether the "pollutants" are applied or released upon crops, soil, land, air or water; whether the "pollutants are applied or released intentionally or accidentally; and regardless of the number of persons injured or the amount of property alleged.*

2)    *Any loss, cost or expense arising out of any:*

a)    *Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or*

*This entire paragraph i.2) applies whether the "pollutants" are applied or released upon crops, soil, land, air or water; whether the "pollutants" are applied or released intentionally or accidentally; and regardless of the number of persons injured or the amount of property alleged.*

*However, this paragraph does not apply to liability for damages because of "property damage" that any insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.*

\* \* \*

w.    **Damage to Property**

*"Property damage" to:*

COMPLAINT FOR DECLARATORY RELIEF – 22
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

1)    *Property any insured owns, including costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;*

2)    *Property any insured rents or occupies including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;*

\* \* \*

## COVERAGE I – PERSONAL AND ADVERTISING INJURY LIABILITY

### 1.    INSURING AGREEMENT

a.    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend any insured against any "suit" seeking damages to which this insurance does not apply. We may at our discretion investigate any incident and settle any claim or "suit" that may result. But:*

1)    *The amount we will pay for damages is limited as described in Section D. LIMITS OF INSURANCE; and*

2)    *Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages H or I or medical expenses under Coverage J.*

COMPLAINT FOR DECLARATORY RELIEF – 23
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under B. ADDITIONAL COVERAGES.*

b.  *This insurance applies to "personal and advertising injury" caused by an offense arising out of "personal activities" of any insured regularly residing on the "insured premises" or out of operations usual or incidental to "farming", but only if the offense was committed in the "coverage territory" during the policy period.*

* * *

2.  **EXCLUSIONS**

> *This insurance does not apply to"*

a.  *"Personal and advertising injury":*

1)  *Caused by or at the direction of any insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";*

* * *

16)  *Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.*

*This exclusion applies whether the "pollutants" are applied or released upon crops, soil, land, air or water; whether the "pollutants are applied or released intentionally or accidentally; and regardless of the number of persons injured or the amount of property damaged.*

* * *

18)  *For any loss, cost or expense arising out of any:*

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

a.  *Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or*

\* \* \*

*This exclusion applies whether the "pollutants" are applied or released upon crops, soil, land, air or water; whether the "pollutants are applied or released intentionally or accidentally; and regardless of the number of persons injured or the amount of property damaged.*

## C.  WHO IS AN INSURED

1.  *If you are designated in the Declarations as:*

\* \* \*

c.  *A limited liability company, you are an insured. Your members are insureds, but only with respect to the conduct of your "farming" operations. Your managers are also insureds, but only with respect to their duties as your managers.*

\* \* \*

*No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*

\* \* \*

## F.  DEFINITIONS

\* \* \*

3.  *"Bodily injury" means "bodily injury," sickness or disease sustained by a person, including death resulting from any of these at any time*

COMPLAINT FOR DECLARATORY RELIEF – 25
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

* * *

9.     *"Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.*

* * *

22.    *""Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

* * *

24.    *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*

    a.     *False arrest, detention or imprisonment;*

    b.     *Malicious prosecution;*

    c.     *The wrongful eviction from, wrongful entry into, or invasion of the right of private occupation of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;*

    d.     *Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

    e.     *Oral or written publication of material that violates a person's right of privacy;*

    f.     *The use of another's advertising idea in your "advertisement"; or*

    g.     *Infringing upon another's copyright, trade dress or slogan in your "advertisement".*

25.    *"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to pesticides, herbicides, insecticides, agricultural dust, smoke, vapor, soot, fumes or odors, acids, alkalis, petroleum products and their derivatives, chemicals (including those applied or intended for application to soil, crops, water or livestock) and waste. Such irritants or contaminants are "pollutants" whether or not they*

COMPLAINT FOR DECLARATORY RELIEF – 26
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

*have any function in your operations, premises, sites or locations, and whether they are applied or released intentionally or by accident. Waste includes but is not limited to materials to be recycled, reconditioned or reclaimed and livestock, poultry or other animal excrement.*

\* \* \*

28.    *"Property damage" means:*

a.    *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

b.    *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*For purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media, which are used with electronically controlled equipment.*

4.3    Based on the terms of Nationwide farmowners policies no. FPK FMPH 7506372266, FPK FMPH 7516372266 and FPK FMPH 7526372266, Nationwide has no duty to defend and no duty to indemnify defendants Royal Organics, LLC and Royal Organic Products, LLC under these policies against the claims made by defendant Justin Brown in the liability lawsuit for one or more of the following reasons:

COMPLAINT FOR DECLARATORY RELIEF – 27
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

a.    Mr. Brown's claims as alleged in the liability lawsuit are not within the policies' Coverage H insuring agreement, because the "property damage" complained of by Mr. Brown was not the result of an "occurrence" as defined in the policies.

b.    Mr. Brown's claims as alleged in the liability lawsuit are not within the policies' Coverage H  insuring agreement, because prior to the policy period of the first policy issued by Nationwide (policy no. FPK FMPH 7506372266), an insured authorized to give or receive notice of an "occurrence" or claim was aware that the "property damage" complained of by Mr. Brown had occurred, in whole or in part.

c.    Exclusion 2.a. to Coverage H eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit was expected from the standpoint of the insured prior to the policy period of the first policy issued by Nationwide (policy no. FPK FMPH 7506372266).

d.    Exclusion 2.i.a) to Coverage H eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from a premises, site or location which was owned or occupied by, or rented or loaned to, managed or controlled by an insured.

COMPLAINT FOR DECLARATORY RELIEF – 28
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

1
2
3
4
5
6
7

e.      Exclusion 2.i.1)b) to Coverage H eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from a premises, site or location which was used by the insured or others for the handling, storage, disposal, processing or treatment of waste.

8
9
10
11
12
13

f.      Exclusion 2.i.1)c)  to Coverage H eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" which are or were transported, handled, stored, treated, disposed or, or processed as waste by an insured.

14
15
16
17
18
19
20

g.      Exclusion 2.i.1)d) to Coverage H eliminates coverage because the "property damage" complained of by Mr. Brown in the liability lawsuit arose out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from a premises, site or location on which the insured was performing operations and the "pollutants" were brought on or to the premises, site or location in connection with those operations.

21
22
23

h.      Exclusion 2.i.2)a) to Coverage H eliminates coverage because Mr. Brown's liability complaint requests that the insureds test for, monitor, clean

COMPLAINT FOR DECLARATORY RELIEF – 29
USDC ED WA CAUSE NO.

Soha & Lang, P.S.
Attorneys at Law
1325 FOURTH AVENUE, STE 2000
Seattle, Washington  98101
(206) 624-1800/Fax (206) 624-3585

6700.00007 kf072931jq

1
2

up, remove, contain, treat, detoxify or neutralize, or in other ways respond to, or assess the effects of "pollutants."

3
4
5
6
7
8

   i.  Exclusion 2.w.1) to Coverage H eliminates coverage to the extent Mr. Brown's liability complaint alleges "property damage" to property owned by the insured, including costs or expenses incurred for repair, replacement, enhancement, restoration or maintenance of such property including prevention of injury or damage to Mr. Brown's property.

9
10
11
12
13
14

   j.  Exclusion 2.w.2) to Coverage H eliminates coverage to the extent Mr. Brown's liability complaint alleges "property damage" to property rented to or occupied by the insured, including costs or expenses incurred for repair, replacement, enhancement, restoration or maintenance of such property including prevention of injury or damage to Mr. Brown's property.

15
16
17

   k.  Mr. Brown's claims as alleged in the liability lawsuit are not within the policies' Coverage I insuring agreement, because he does not allege "personal and advertising injury" as defined in the policies.

18
19
20
21
22

   l.  Even if the Coverage I insuring agreement was met, which it is not, Exclusion 2.a.1) to Coverage I eliminates coverage because any "personal and advertising injury" was caused by the insured with the knowledge it would violate Mr. Brown's rights and would inflict "personal and advertising injury"

23

COMPLAINT FOR DECLARATORY RELIEF – 30
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

prior to the policy period of the first policy issued by Nationwide (policy no. FPK

FMPH 7506372266).

m.    Even if the Coverage I insuring agreement was met, which it

is not, Exclusion 2.a.16) to Coverage I eliminates coverage because any "personal

and advertising injury" complained of by Mr. Brown in the liability lawsuit arose

out of the actual, alleged or threatened discharge, dispersal, seepage, migration,

release or escape of "pollutants."

n.    Even if the Coverage I insuring agreement was met, which it

is not, Exclusion 2.a.18)a. to Coverage I eliminates coverage to the extent any

"personal and advertising injury" complained of by Mr. Brown in the liability

lawsuit is subject to an order that defendants Royal Organics, LLC and Royal

Organic Products, LLC test for, monitor, clean up, remove, contain, treat,

detoxify or neutralize, or otherwise respond to or assess the effects of

"pollutants."

## IV.    REQUEST FOR RELIEF

WHEREFORE, plaintiff Nationwide Agribusiness Insurance Company

prays for the following relief:

A.    For a declaratory judgment in its favor stating that:

COMPLAINT FOR DECLARATORY RELIEF – 31
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

1

2

3          (ii)    none of the policies provides coverage to defendants Royal

Organics, LLC and Royal Organic Products, LLC for the claims made by

defendant Justin Brown in the liability lawsuit;

4

5          (iii)    Nationwide has no duty to defend Royal Organics, LLC and

6  Royal Organic Products, LLC under any of the policies against the claims made

7  by Justin Brown in the liability lawsuit;

8          (iv)    Nationwide may withdraw from the defense it is currently

9  providing to Royal Organics, LLC and Royal Organic Products, LLC for the

10 claims made against them by defendant Justin Brown in the liability lawsuit;

11

12         (v)    Nationwide has no duty to indemnify Royal Organics, LLC

13 and Royal Organic Products, LLC in connection with any settlement with or

14 judgment in favor of defendant Justin Brown in the liability lawsuit.

15         B.    For costs and attorney's fees to the extent permitted by law; and

16         C.    For such other and further relief as this court may deem just and

17 equitable.

18

19

20

21

22

23

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

DATED this 7th day of June, 2018.

SOHA & LANG, P.S.


By: */s/ Mary R. DeYoung*
    Mary R. DeYoung, WSBA #16264
    Email: deyoung@sohalang.com
    1325 Fourth Avenue, Suite 2000
    Seattle, WA  98101-2570
    Telephone:  206-624-1800
    Facsimile:   206-624-3585
    Attorneys for Plaintiff Nationwide
    Agribusiness Insurance Company

COMPLAINT FOR DECLARATORY RELIEF – 33
USDC ED WA CAUSE NO.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON  98101
(206) 624-1800/FAX (206) 624-3585

6700.00007 kf072931jq

## EXHIBIT "A"

1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

2

COUNTY OF GRANT

3

JUSTIN BROWN, a married man dealing in
his separate property ,

4

5              Plaintiff,

6      vs.

7    ROYAL ORGANIC PRODUCTS, LLC, a
Washington limited liability company; ROYAL
8    ORGANICS LLC, a Washington limited
liability company; FLAVOR LIQUIDATING
9    (C) Corporation (f/k/a A. M. TODD
COMPANY), a dissolved Michigan
10    corporation; John Does 1 through 10; and
RAYMOND J. HUGHES, individually,

11              Defendants.

12

NO.  16-2-00302-4

AMENDED COMPLAINT FOR
TRESPASS AND INJURY TO LAND
(RCW 4.24.630)

13        COMES NOW JUSTIN BROWN, and alleges as follows:

14                          **PARTIES**

15        1.      JUSTIN BROWN, a married man dealing in his separate property, is a

16    resident of Grant County Washington who owns the land in Grant County that is

contaminated with the garbage, litter, and solid waste that is the subject of this litigation.

AMENDED COMPLAINT
Page 1
3532

**BROMILEY LAW, PLLC**
227 Ohme Garden Road
Wenatchee, WA  98801
www.bromileylaw.com
(509) 293-5300

2.      Defendant, ROYAL ORGANIC PRODUCTS, LLC, is a Washington limited liability company, that operates a composting and solid waste disposal facility on property adjacent to the Justin Brown property. ROYAL ORGANIC PRODUCTS, LLC caused the contamination and damage that is the subject of this litigation.

3.      Defendant, ROYAL ORGANICS LLC, is a Washington limited liability company and the current owner of ROYAL ORGANIC PRODUCTS, LLC.    ROYAL ORGANICS LLC conducts business in Grant County, Washington and committed the intentional torts and illegal acts in Grant County, Washington that are the subject of this litigation.

4.      FLAVOR LIQUIDATING (C) CORPORATION (f/k/a A. M. TODD COMPANY), is a dissolved Michigan corporation and a former owner of ROYAL ORGANIC PRODUCTS, LLC.    FLAVOR LIQUIDATING (C) CORPORATION conducted business in Grant County, Washington and committed the intentional torts and illegal acts in Grant County, Washington that are the subject of this litigation.

5.      JOHN DOES 1 through 10, on information and belief, are affiliated companies and individuals who are responsible corporate officers of one or more of the named Defendants. JOHN DOES 1 through 10 committed the intentional torts and illegal acts in Grant County, Washington that are the subject of this litigation.

5.1     RAYMOND J. HUGHES, individually, on information and belief is or was an employee, executive, manager, decision-maker and responsible corporate officer of FLAVOR LIQUIDATING (C) CORPORATION (f/k/a A. M. TODD COMPANY), and ROYAL ORGANIC PRODUCTS, LLC, who, in that capacity, conducted business on

behalf of FLAVOR and ROP and committed the intentional torts and wrongful, illegal acts
and/or omissions in Grant County, Washington that are the subject of this litigation.

## JURISDICTION

6.      The Grant County Superior Court has personal jurisdiction over the
Defendant, ROYAL ORGANIC PRODUCTS, LLC, because it conducts business on a
portion of the Grant County, Washington real property that is the subject of this dispute; the
acts complained of were committed by said Defendant in Grant County, Washington, and
the company regularly conducts business in Grant County, Washington.

7.      The Grant County Superior Court has personal jurisdiction over the
Defendant, ROYAL ORGANICS LLC, because the intentional torts and illegal acts
complained of were committed by said Defendant in Grant County, Washington.

8.      The Grant County Superior Court has personal jurisdiction and long-arm
jurisdiction over the Defendant, FLAVOR LIQUIDATING (C) CORPORATION (f/k/a
A. M. TODD COMPANY), because the intentional torts and illegal acts complained of were
committed by said Defendant in Grant County, Washington.

9.      The Grant County Superior Court has personal jurisdiction and long-arm
jurisdiction over the Defendants JOHN DOES 1 through 10, including parties in their
individual capacity under the responsible corporate officer doctrine, because the intentional
torts and illegal acts complained of were committed by said Defendants, personally, in Grant
County, Washington.

AMENDED COMPLAINT
Page 3
3532

**BROMILEY LAW, PLLC**
227 Ohme Garden Road
Wenatchee, WA  98801
www.bromileylaw.com
(509) 293-5300

10.    The Grant County Superior Court has jurisdiction over this case, which involves claims to title and for damages to real property, injunctive relief, common law trespass and nuisance, intentional trespass and damage under RCW 4.24.630, and ejectment.

10.1    The Grant County Superior Court has personal jurisdiction and long-arm jurisdiction over the Defendant, RAYMOND J. HUGHES, in his individual capacity as a tortfeasor and  in his capacity as an employee, executive, manager and decision maker of FLAVOR LIQUIDATING (C) CORPORATION (f/k/a A. M. TODD COMPANY) and ROP,  under the responsible corporate officer doctrine, because the intentional torts and wrongful, illegal acts and/or omissions complained of were committed by said Defendant, personally, in Grant County, Washington.

10.2    RAYMOND J. HUGHES was previously identified as a John Doe Defendant.

## VENUE

11.    Venue is proper in Grant County, Washington because the acts complained of occurred in Grant County; the cause of action arose in Grant County; and the damaged real property is located in Grant County, Washington.

## FACTS

12.    Defendants own and operate, or formerly owned and operated, a composting, solid waste, and liquid waste disposal site on Grant County Parcel No. 150246001.

13.    The Defendants operated, or formerly operated, the composting, solid waste, and liquid waste business in violation of the statutes, regulations, permits, and licenses that

AMENDED COMPLAINT
Page 4
3532

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA  98801
www.bromileylaw.com
(509) 293-5300

pertain to the Defendants' business and are intended to protect the general public and adjoining public and private property.

14. Since 2007, the Defendants have caused and allowed garbage, litter, and solid waste from Defendants' operations to be deposited on Grant County Parcel No. 210528000 and other, adjacent farmland owned by Plaintiff Justin Brown.

15. Plaintiff Justin Brown's property has been substantially damaged by the large quantity of garbage, litter, and solid waste that has blown from Defendants' operations, entered Plaintiff's property and worked itself into the land and soils over an area of approximately 500 acres. Some of the acreage is impacted to a depth of 18 inches or greater.

16. The garbage, litter, and solid waste, once deposited onto to the site, does not biodegrade and causes a continuing trespass onto the land and into the soil until remediated and removed.

17. The Defendants' garbage, litter, and solid waste has rendered Justin Brown's property unsuitable for high value crops, organic farming, and crops destined for export because of the presence of contamination caused by the Defendants.

18. The Defendants' contamination has caused damage by reduced yields.

19. The Defendants' contamination has caused damage by increased production costs.

20. The Defendants' contamination has caused damage by limiting the crops that can be raised to low value crops.

21. The Defendants' contamination has caused damage by making the land unavailable to rent, or rental at a reduced rental rate.

AMENDED COMPLAINT
Page 5
3532

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA 98801
www.bromileylaw.com
(509) 293-5300

22.    The Defendants' contamination has occurred continuously since 2007 despite notice to Defendants and Defendants' admission of the damage and unwillingness to incur the expense necessary to prevent the on-going contamination.

23.    The Defendants' have failed or refused to correct or cure the on-going contamination of the Plaintiff's property.

24.    The Defendants' have failed to remove the contamination they placed on the Plaintiff's property.

25.    The contamination caused by the Defendants can be remediated and the productive capacity of the Plaintiff's farm land can be restored.

26.    The amount of damages caused by Defendants shall include the cost of remediating the contamination in the amount to be proven at trial.

## CAUSES OF ACTION

Plaintiff restates each of the allegations in Paragraphs 1 through 26, preceding and incorporates each allegation into each of the following five causes of action.

27.    For Plaintiff's first cause of action, Plaintiff requests injunctive relief, requiring Defendants to take all steps necessary to eliminate the continuing deposit of garbage, litter, and solid waste on any property owned by Plaintiff, including but not limited to Grant County Parcel No. 210528000.

28.    For Plaintiff's second cause of action, Plaintiff alleges that he is damaged by a continuing nuisance that has continued unabated, caused by Defendants' unlawful acts and failure to perform duties, which acts and failure to act annoys, injures, and endangers the

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA  98801
www.bromileylaw.com
(509) 293-5300

comfort, repose, health, or safety of the Plaintiff and causes substantial damage to Plaintiff's property and interferes unreasonably with Plaintiff's use and enjoyment of his property.

29.    For Plaintiff's third cause of action, Plaintiff alleges that Defendants caused their garbage, litter and solid waste to enter and remain upon the property of the Plaintiff, without permission or invitation express or implied, substantially damaging Plaintiff's property. Defendants are liable to Plaintiff for intentional, continuing trespass at common law. Defendants have not removed their waste plastic and garbage that they deposited each year from 2007 to the present on Justin Brown's property and which remains on Justin Brown's property.

30.    For Plaintiff's fourth cause of action, Plaintiff alleges that Defendants caused their garbage, litter, and solid waste to wrongfully enter the Plaintiff's land, causing waste and injury to the Plaintiff's land and substantial damages. Defendants acted intentionally and unreasonably while knowing, or having reason to know, that they lacked authorization to use or contaminate the Plaintiff's land. Defendants are jointly and severally liable to Plaintiff for statutory trespass, waste, and injury to Plaintiff's land under RCW 4.24.630.

31.    For Plaintiff's fifth cause of action, Plaintiff alleges that he is entitled to an order of ejectment removing Defendants and all of their contamination from Plaintiff's property. Defendants' trespass has not matured into a prescriptive easement or use that would allow Defendants' garbage, litter, and solid waste to enter, traverse, or be stored on Plaintiff's property. Plaintiff reserves this claim for purposes of appeal recognizing that it has been rejected by the Superior Court on summary judgment as to Flavor Liquidating.

AMENDED COMPLAINT
Page 7
3532

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA 98801
www.bromileylaw.com
(509) 293-5300

### RELIEF REQUESTED

The Plaintiff requests the following relief against each Defendant jointly and severally:

1.      Injunctive relief against Defendants prohibiting the continued contamination of Plaintiff's property in any form, including garbage, litter, and solid waste.

2.      Single damages for trespass (against all Defendants) and nuisance (against all Defendants except Flavor Liquidating and Raymond Hughes) for lost profits, crop damage, and the temporary devaluation of Plaintiff's property.

3.      Damages measured by the cost of investigation, remediation and disposal of the garbage, litter and solid waste in an amount to be proven at trial, but which is estimated at up to $10,000 per acre for each acre of contaminated soil, equal to $1.5 million to $5 million.

4.      Treble damages, investigative costs, attorneys' fees and all damages allowed under RCW 4.24.630 for intentional and unreasonable trespass and waste and injury to Plaintiff's land.

5.      For an order denying Defendants any prescriptive rights in Plaintiff's property and ejecting Defendants from any unpermitted use of Plaintiff's property by prescription or otherwise.

6.      For attorneys' fees, litigation costs and court costs to the maximum extent allowed by law.

7.      For such other relief in favor of Plaintiff as the court deems just and equitable.

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA 98801
www.bromileylaw.com
(509) 293-5300

1    DATED this 5th day of July, 2017.

2                          BROMILEY LAW, PLLC

3

4        By_____

5                          J. KEVIN BROMILEY, WSBA #36628
                            Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

AMENDED COMPLAINT
Page 9
3532

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA 98801
www.bromileylaw.com
(509) 293-5300

CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned hereby certifies under penalty of perjury under the laws of the state of Washington, that on the 5th day of July, 2017, the foregoing was delivered to the following persons in the manner indicated:

| | |
|---|---|
| CAIRNCROSS & HEMPELMANN<br>Attn: Jennifer Faubion<br>Attn: James P. Wagner<br>Attn: Nicole E. De Leon<br>524 Second Avenue, Suite 500<br>Seattle, WA 98103-2323<br>jwagner@cairncross.com<br>ndeleon@cairncross.com<br>jfaubion@cairncross.com | [ ] U.S. Mail<br>[ ] Hand Delivery – Messenger Service<br>[ ] Overnight Courier<br>[ ] Facsimile<br>[X] Email |
| MILLER MERTENS COMFORT, PLLC,<br>Attn: John Raschko<br>Attn: Mr. Kenneth A. Miller<br>1020 North Center Parkway, Suite B<br>Kennewick, WA 99336<br>Kmiller@mmclegal.net<br>Jraschko@mmclegal.net | [ ] U.S. Mail<br>[ ] Hand Delivery – Messenger Service<br>[ ] Overnight Courier<br>[ ] Facsimile<br>[X] Email |

BECKY L. WOODS

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA 98801
www.bromileylaw.com
(509) 293-5300

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

COUNTY OF GRANT

| | |
|---|---|
| JUSTIN BROWN, a married man dealing in his separate property ,    )<br>)<br>)<br>Plaintiff,    )<br>)<br>vs.    )<br>)<br>ROYAL ORGANIC PRODUCTS, LLC, a )<br>Washington limited liability company; ROYAL )<br>ORGANICS LLC, a Washington limited )<br>liability company; FLAVOR LIQUIDATING )<br>(C) Corporation (f/k/a A. M. TODD )<br>COMPANY), a dissolved Michigan )<br>corporation; John Does 1 through 10; and )<br>RAYMOND J. HUGHES, individually, )<br>)<br>Defendants.    ) | NO.  16-2-00302-4<br><br>ACKNOWLEDGMENT OF RECEIPT AND ACCEPTANCE OF SERVICE |

STATE OF WASHINGTON )
                ) ss.
COUNTY OF KING )

The undersigned, Cairncross & Hempelmann by Jennifer Faubion, attorneys for RAYMOND J. HUGHES, does hereby acknowledge receipt of the Amended Complaint in the above-entitled matter on this 27 day of June, 2017, and further represents and

{03342897.DOCX;1 }

ACKNOWLEDGMENT OF RECEIPT
AND ACCEPTANCE OF SERVICE
Page 1
03342897.DOCX

BROMILEY LAW, PLLC
227 Ohme Garden Road
Wenatchee, WA  98801
www.bromileylaw.com
(509) 293-5300

ORIGINAL

1   certifies that she has the authority to accept service on behalf of the Defendant,

2   RAYMOND J. HUGHES, and does hereby accept service of the Summons and Complaint.

3         DATED this 27th day of June, 2017.

4                                         CAIRNCROSS & HEMPELMANN

5

6                           By _____

7                              JENNIFER FAUBION, WSBA # 39880
                               Attorneys for Defendant Raymond J. Hughes

8

9         SIGNED AND SWORN to (or affirmed) before me this 27th day of

10   June_____, 2017, by Jennifer Faubion.

11

12                           _____
                             Typed/Printed Name: Gail J. Glosser
13                           NOTARY PUBLIC, State of Washington
                             My Commission Expire: 5-20-2020

14

15

16

17

18

19

20

21

{03342897.DOCX;1 }

ACKNOWLEDGMENT OF RECEIPT
AND ACCEPTANCE OF SERVICE
Page 2
03342897.DOCX

## CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned hereby certifies under penalty of perjury under the laws of the state of Washington, that on the 5 day of July, 2017, the foregoing was delivered to the following persons in the manner indicated:

| | | |
|---|---|---|
| CAIRNCROSS & HEMPELMANN<br>Attn: Jennifer Faubion<br>Attn: James P. Wagner<br>Attn: Nicole E. De Leon<br>524 Second Avenue, Suite 500<br>Seattle, WA 98103-2323<br>jwagner@cairncross.com<br>ndeleon@cairncross.com<br>jfaubion@cairncross.com | [ ]<br>[ ]<br>[ ]<br>[ ]<br>[X] | U.S. Mail<br>Hand Delivery – Messenger Service<br>Overnight Courier<br>Facsimile<br>Email |
| MILLER MERTENS COMFORT, PLLC,<br>Attn: John Raschko<br>Attn: Mr. Kenneth A. Miller<br>1020 North Center Parkway, Suite B<br>Kennewick, WA 99336<br>Kmiller@mmclegal.net<br>Jraschko@mmclegal.net | [ ]<br>[ ]<br>[ ]<br>[ ]<br>[X] | U.S. Mail<br>Hand Delivery – Messenger Service<br>Overnight Courier<br>Facsimile<br>Email |

BECKY L. WOODS

{03342897.DOCX;1 }

ACKNOWLEDGMENT OF RECEIPT
AND ACCEPTANCE OF SERVICE
Page 3
03342897.DOCX

**BROMILEY LAW, PLLC**
227 Ohme Garden Road
Wenatchee, WA 98801
www.bromileylaw.com
(509) 293-5300